THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM S. BREWER, Appellant.— Judgment convicting defendant of possessing an indecent picture with intent to sell and show (Penal Law, § 1141), and the order denying defendant's motion for a new trial on the ground of newly-discovered evidence, unanimously affirmed. No opinion. Present — McAvoy, Townley, Untermyer, Dore and Cohn, JJ.

WILLIAM BROWN, Respondent, v. ERWIN GOLD, Appellant.— The complaint states a cause of action in negligence for personal injuries. It is alleged that on July 22, 1933, the parties were both in the employ of Randforce Amusement Corporation; that respondent was a passenger in an automobile owned and operated by appellant, and that at the time of the accident they were both acting within the scope of their common employment. Order denying defendant's motion for judgment dismissing the amended complaint for failure to state a cause of action, unanimously affirmed, with twenty dollars costs and disbursements, with leave to the defendant to answer within twenty days after service of order upon payment of said costs. No opinion. Present — McAvoy, Townley, Untermyer, Dore and Cohn, JJ.

In the Matter of the Application of D'ARCY VAN BOKKELEN, as Administrator, etc., of LIBERTUS VAN BOKKELEN, Deceased, Petitioner-Appellant, for a Decree Compelling the PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY IN THE CITY OF NEW YORK, Respondent, to Make Discovery of and Account for and Turn over to Said Administrator Certain Assets of Said Decedent. — Appellant brought this discovery proceeding to recover the amount of certain payments made to respondent in Argentina by the representative of decedent's domiciliary estate in satisfaction of debts incurred by decedent to respondent. The ground upon which appellant seeks to recover is that after the payments were made it was ascertained that decedent was insolvent and his assets insufficient to pay his debts in full. Respondent filed an answer containing denials and six affirmative defenses. Appellant moved to strike out five of the six affirmative defenses as insufficient in law and for an order granting the prayer of the petition. Respondent made a cross-motion to dismiss the petition upon the grounds that the court had no jurisdiction and that the petition stated no cause of action. The surrogate denied appellant's motion and dismissed the petition. Order appealed from modified by denying respondent's motion to dismiss the petition without prejudice to a renewal of the motion by respondent upon proof that the fund was received in Argentina in the course of the administration of the estate according to the law of the domicile, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant. No opinion. Present — McAvoy, Townley, Untermyer, Dore and Cohn, JJ.